**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**5:16-cv-122-RLV**
**(5:09-cr-21-RLV-1)**

| | | |
|---|---|---|
| **KAREEM KABBAR WEBB,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Respondent's unopposed motion to hold this action in abeyance. (Doc. 4.) Petitioner is represented by the Federal Defenders of Western North Carolina.

On September 18, 2009, Petitioner pled guilty to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) ("Count 3"), Possession of a Firearm During and In Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c) ("Count 4"), and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) ("Count 5"). The presentence report found that he had two qualifying prior convictions that triggered the career-offender enhancement under U.S.S.G. § 4B1.2: a 1997 North Carolina conviction for common law robbery, and a 2000 North Carolina conviction for breaking and entering. (Mot. to Vacate 1-2, Doc. No. 1.)

On June 23, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. He challenges the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Petitioner argues that his prior North Carolina convictions for common law robbery and breaking and entering no longer qualify

as career-offender predicates in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. Id., 135 S. Ct. at 2563.

On December 19, 2016, Respondent filed the instant motion to hold these proceedings in abeyance pending the United States Supreme Court's decision in Beckles v. United States, No. 15-8544. (Doc. No. 4.) According to Respondent, Beckles presents questions that are relevant to, or dispositive of, Petitioner's Motion, including: whether Johnson's constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline, and, if so, whether Johnson's invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review.

According to Respondent, counsel for Petitioner does not oppose the Motion to hold this action in abeyance. (Mot. to Stay 2, Doc. No. 4.) For the reasons stated by Respondent, and without objection from Petitioner, the Court concludes that the motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to hold Petitioner's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Supreme Court's decision in Beckles v. United States, No. 15-8544. Respondent shall have 60 days from the date the Supreme Court issues its decision in Beckles to file an answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

**SO ORDERED.**

Signed: December 27, 2016

Richard L. Voorhees
United States District Judge